Rodger D. Love, Jr.

3136 SE Colorado Ave.

Topeka, Kansas 66605

(785)-408-6781

rod4936@cox.net

## United States Bankruptcy Court

## For The District Of Kansas

IN RE: Rodger D. Love Jr.                    Case No. 13-41680

-----------------------------------

Rodger D. Love, Jr.,

                    Plaintiff,

Vs.                                              Adv.  No.

United States Dept. of Education,

Navient Solutions, Inc.,

_____ Defendants.

## Complaint To Determine Dischargeability

COMES NOW, the Plaintiff, Rodger D. Love, Jr., pro se, and hereby requests

1

that this Court determine that the Plaintiff should be discharged from any debts owed by the Plaintiff to the Defendants, United States Dept. of Education, and  Navient Solutions, Inc. for the reason that said debt would place an undue hardship upon Plaintiff and his minor daughter if said debts are not discharged.

## Venue and Jurisdiction

1.  This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C.  1334(b)  and 28 U.S.C. 157(b) and 1332.  This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a Debt.

2.  This Adversary Proceeding is brought pursuant to 11 U.S.C. 523(a)(8), 15 U.S.C. 105 and Federal Rules of Bankruptcy Procedure 7001(9).

3.  This Court has venue pursuant to 11 U.S.C. 1409(a)

## Parties

4.  Plaintiff, Rodger D. Love, Jr., is a resident of Shawnee County, Kansas.

5.  Defendant, Dept. of Education ("DOE") is registered to do business in the State of Kansas and can be served by summons to: Education Dept., Office of

2

General Counsel, 400 Maryland Ave, SW Room 6E353, Washington, D.C, 20202-2110, and by serving same upon the U.S. Attorney for Kansas at 444 SE Quincy, Ste 290, Topeka, Kansas 66683.

6.  Defendant, Navient Soultions, Inc. ("Navient"), is registered to do business in the state of Kansas and may be served by process by serving summons to its resident agent, the Corporation Service Company, 2900 SW Wanamaker Dr., Suite 204, Topeka, Kansas 66614.

## Statement of Facts

### A. Federal Student Loans

7.  Plaintiff's unsubsidized loan with the Dept. of Education has a principal balance of over $39,000, and the accrued interest is over $19,000.

8.  Plaintiff's subsidized loan with the Dept. of Education has a principal balance of over $26,000, and the accrued interest is over $10,000.

9.  Plaintiff's total balance with the Dept. of Education is over $96,000.00, and the standard repayment plan for both the loans owned by the Dept. of Education is approximately $740.81 per month.

10. If the Plaintiff were to use the Federal Income Based Repayment Plan (IBR) it would require Plaintiff to pay on his Federal Student loans until a time at which Plaintiff would be approximately 72 years of age.

11. Under the Federal Income Based Repayment Plan (IBR) Plaintiff would never pay off the accrued interest on his loans.

12. Under the IBR an individual can owe considerably more after the 25 year repayment plan.

13. Under the IBR once debt is forgiven after 25 years it can create a taxable income to an individual.

14. Plaintiff has sought, and has received consolidation of his federal student loans.

15. Plaintiff has sought, and received a forbearance on his federal student loans.

16. Plaintiff applied for an IBR plan prior to the filing of his Chapter 13.

17. Plaintiff applied for and was approved for a IBR after his Chapter 13 was discharged.

18. Plaintiff is unable to pay the Standard Repayment Plan with the Dept. of Education or the Income Based Repayment Plan without it creating an undue hardship.

4

## B. Navient Private Student Loans

19. Plaintiff owes over $32,000 in Chase Private student loans bought, and/or owned by Navient.

20. Plaintiff has a balance of over $36.000.00 to Navient for Tuition Answer Loans.

21. Plaintiff's current balance with Navient is over $71,000.00.

22. The interest rates on the Chase Private Student Loans, and Tuition Answer loans are variable interest rates that varies from approximately 5% to 12%.

23. Plaintiff's standard monthly payment on the private student loans owned by Navient is $842.19 per month.

24. Navient does not have or offer an Income Based Repayment plan on their Tuition Answer or Chase student loans.

25. Plaintiff has paid over $25,000.00 towards his Navient student loans.

26. Plaintiff has paid approximately $3,000.00 or more towards his Chase student loans prior to being bought by Navient.

## C. Undue Hardship

27. Since the Chapter 13 Petition was filed, Plaintiff has become divorced, and the household income has been reduced by close to half of what was reported on the Chapter 13 Petition.

28. The divorce resulted in Plaintiff being awarded residential custody of his minor daughter.

29. Plaintiff is employed full time and does not anticipate receiving substantial raises or promotions in the future.

30. Plaintiff has a medical condition to where he cannot read out of his right eye.

31. Plaintiff did not graduate or receive a degree from Washburn University, and does not have any degrees and has a G.E.D.

32. Plaintiff is 47 years old, has little education, medical conditions, and has no expectation of substantial gains in income based upon education and qualifications.

33. Plaintiff has no hope of paying back the loans, and they have created a noose around Plaintiff's neck for the remainder of his economically productive years.

34. Requiring Plaintiff to repay the student loans would impose an undue hardship on Plaintiff and his minor daughter.

35. This Court should construe Plaintiff's complaint, and pleadings liberally. *See, Bee vs. Greaves,* 744 F.2d 1396, 1397 (10th Cir. 1984); *Erickson vs. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment in his favor that declares the Federal and Private Student debts identified in the above complaint discharged pursuant to 11 U.S.C. 523(a)(8), and provides any other relief that the Court deems proper.

Respectfully Submitted,

By: _____

Rodger D. Love, Jr.

3136 SE Colorado Ave.

Topeka, Kansas 66605

(785)-408-6781

7

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Rodger Love | DEFENDANTS<br>Dept. of Education,<br>Navient |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Rodger Love, Pro Se | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversary Proceeding
on Student Loans

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property – §542 turnover of property
- ☐ 12-Recovery of money/property – §547 preference
- ☐ 13-Recovery of money/property – §548 fraudulent transfer
- ☐ 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☒ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
| --- | --- |
| NAME OF DEBTOR *Rodger Love* | BANKRUPTCY CASE NO. *13-41680* |
| DISTRICT IN WHICH CASE IS PENDING *Topeka* | DIVISION OFFICE *Bankruptcy Hon. Somers* — NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | |
| PLAINTIFF | DEFENDANT — ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE — NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
| DATE *1/28/20* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Rodger Love* |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.