Rodger D. Love, Jr.

3136 SE Colorado Ave.

Topeka, Kansas 66605

(785)-408-6781

rod4936@cox.net



# United States Bankruptcy Court
# For the District Of Kansas

| | |
|---|---|
| IN RE: Rodger D. Love, Jr. | Case No. 13-41680 |
| Rodger D. Love, Jr., | |
| Plaintiff, | |
| Vs. | Adv. No. 20-7004 |
| United States Dept. of Education, Navient Solutions, Inc., | |
| Defendants. | |

## Plaintiff's First Amended Complaint

COMES NOW, the Plaintiff, Rodger D. Love, Jr., pro se, and hereby requests that this Court determine that the Plaintiff should be discharged from any debts owed by the Plaintiff to the Defendants, United States Dept. of Education,

1

and Navient Solutions, Inc. for the reason that said debt would place an undue hardship upon Plaintiff and his minor daughter if said debts are not discharged.

## Venue and Jurisdiction

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. 1334(b) and 28 U.S.C. 157(b) and 1332. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a Debt.

2. This Adversary Proceeding is brought pursuant to 11 U.S.C. 523(a)(8), 15 U.S.C. 105 and Federal Rules of Bankruptcy Procedure 7001(9).

3. This Court has venue pursuant to 11 U.S.C. 1409(a)

## Parties

4. Plaintiff, Rodger D. Love, Jr., is a resident of Shawnee County, Kansas.

5. Defendant, Dept. of Education ("DOE") is registered to do business in the State of Kansas and can be served by summons to: Education Dept., Office of General Counsel, 400 Maryland Ave, SW Room 6E353, Washington, D.C, 20202-2110, and by serving same upon the U.S. Attorney for Kansas at 444 SE Quincy,

2

Ste 290, Topeka, Kansas 66683.

6. Defendant, Navient Soultions, Inc. ("Navient"), is registered to do business in the state of Kansas and may be served by process by serving summons to its resident agent, the Corporation Service Company, 2900 SW Wanamaker Dr., Suite 204, Topeka, Kansas 66614.

## Statement of Facts

### Federal Student Loans

7. Plaintiff has a current balance that is over $96,500.00.

8. The outstanding interest on the loan(s) with the Dept. of Education is over $31,000.00

9. The standard repayment plan, if used, would require Plaintiff to pay approximately $740.81 per month.

10. If Plaintiff were to enroll in, and use the repayment plan referred to as REPAYE, Plaintiff would be required to pay on the loan for approximately 20 years or until he is 67 years old or older before it was completed.

11. If Plaintiff were to enroll in, and use to Income Based Repayment Plan (IBR) Plaintiff would be approximately 72 years of age before it was completed.

3

12. Plaintiff has sought, and received consolidation of his federal student loans.

13. Plaintiff has sought, and received a forebearance on his federal student loans.

14. Plaintiff applied for an IBR prior to the filing of his Chapter 13.

15. Plaintiff applied for, and was approved for a IBR after his Chapter 13 was discharged.

16. Under the IBR that Plaintiff is currently enrolled in the monthly payment is approximately $238.28 per month, and can change depending on Plaintiff's income.

17. As of January 4, 2020, the interest was accruing on the principal at a daily rate of $10.96 daily under the Income Based Repayment Plan (IBR) Plaintiff is currently enrolled in.

18. Under the IBR Plaintiff is enrolled in the minimum monthly payment would not cover the daily interest that accrues daily.

19. Under the IBR Plaintiff is enrolled in the balance will increase, and Plaintiff can owe considerably more after completion of the repayment plan.

20. When Federal Student Loan debt is forgiven it can create a taxable income.

21. The Income Based Repayment Plan (IBR), and REPAYE have a high default rate by those who enter the repayment plans.

22. Those who have no degree have a higher default rate than those with a degree when repaying federal student loans.

23. Less than 50 people have successfully completed an IBR or REPAYE when using only those repayment plans.

## Navient Private Student Loans

24. Prior to Plaintiff filing for a Chapter 13 bankruptcy he had additional loans owned by Navient.

25. Plaintiff satisfied Tuition Answer Loan #7 prior to filing bankruptcy.

26. Plaintiff satisfied Tuition Answer Loan #15 prior to filing bankruptcy.

27. Plaintiff satisfied Tuition Answer Loan #18 prior to filing bankruptcy.

28. Prior to filing for bankruptcy Plaintiff satisfied three separate loans with Navient.

29. Plaintiff has paid Navient over $13,000.00 towards loans owned by Navient prior to filing bankruptcy, and prior to filing this adversary proceeding.

30. Plaintiff has a balance of over $32,000.00 on his Chase student loans bought, and/or owned by Navient.

31. Plaintiff has a balance of over $36,000.00 on his Tuition Answer Loans owned by Navient.

32. Plaintiff's current balance with Navient is over $72,000.00 including interest.

33. The interest rate on the Chase, and Tuition Answer Loans are variable interest rates that range from approximately 5% to 12%.

5

34. Plaintiff's standard monthly payment plan on the loans owned by Navient is $842.19 per month not counting any late fees that may have occurred.

35. Navient does not offer an Income Based Repayment plan on the Chase or Tuition Answer Loans.

## Undue Hardship

36. Plaintiff is divorced, and a single father to a 12 year old daughter, and was awarded residential custody of his daughter.

37. Plaintiff is employed full time, and does not anticipate receiving substantial raises or promotions in the future.

38. Plaintiff has a medical condition to where he cannot read out of his right eye.

39. Plaintiff did not graduate high school, and only has a G.E.D. and does not have any degrees.

40. Plaintiff is 47 years old, and will be 48 in January 2021, has little education, medical conditions, and has no expectation of substantial gains in income based upon his education and qualifications.

41. Plaintiff has no hope of paying back the loans, and they have created a noose around Plaintiff's neck for the remainder of his economically productive years.

42. Requiring Plaintiff to repay the loans would impose an undue hardship on Plaintiff and his 12 year old daughter.

43. Requiring Plaintiff to enroll in a Income Based Repayment Plan (IBR), or REPAYE on his federal student loans would require Plaintiff to pay on his federal student loans up to the age of 72 years of age or longer, the balance will increase, it can create a tax liability, and Plaintiff will be required to use a repayment plan that has a low success rate.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in his favor that declares the Federal and Private Student Loans owned by Navient be discharged pursuant to 11 U.S.C. 523(a)(8), and provide any other relief that the Court deems proper.

Respectfully Submitted,

By: _____

Rodger Love, Jr.

## Certificate of Service

I hereby certify that a true and correct copy Plaintiff's First Amended Complaint was served by depositing same in U.S. Mail, postage prepaid, on this 2nd day of May, 2020, to

David A. Gellis

Manz, Swanson, Hall, Fogarty & Gellis, P.C.

1100 Main Street, Suite 1930

Kansas City, MO 64105

Attorney for Navient

Luke Sinclair & Sara Burch Macke

290 Federal Bldg.

444 SE Quincy Street

Topeka, Kansas 66605

Assistant United States Attorneys

By: _____
Rodger D. Love, Jr.