Martin J. Peck, #16273
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 236, Wellington, KS 67152
(620) 326-5997
peck@martinjpeck.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS**
Sitting at Wichita

| | |
|---|---|
| In re **Rodger D. Love, Jr.** *Debtor* | Case No. 13-41680 Chapter 13 |
| **Rodger D. Love, Jr.,** *Plaintiff* v. **United States Dept. Of Education, Navient Solutions, Inc.,** *Defendants* | Adv. No. 20-7004 |

**Memorandum in Support of
Amended Motion to Amend**

Up to this point, the plaintiff has taken the position that payment of his student loans will cause an undue hardship, rendering his loans dischargeable under § 523(a)(8). He maintains that position. But it has now become relevant to litigate whether Navient's loans are non-dischargeable by virtue of § 523(a)(8)(B). This is because the Tenth Circuit has recently held that loans such as five of the loans held by Navient in this case are not (contrary to Navient's long-held position) non-dischargeable by virtue of § 523(a)(8)(A)(ii). The plaintiff seeks to amend his complaint to assert that most of Navient's loans at issue in this case have already been discharged by § 1328. The Court should permit this amendment pursuant to Fed. R. Civ. P. 15(a)(2) and 15(b)(4).

A motion to amend is governed by Fed. R. Civ. P. 15 (made applicable by Fed. R. Bankr. P. 7015). Unless opposing parties consent, a party must obtain leave of court for amendments, which "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[1]

Counsel's understanding is that Navient has long taken the position that each of their loans is an "educational benefit" exempt from discharge pursuant to 11 U.S.C. § 523(a)(8)(A)(ii). As of last Monday, however, that position is no longer supportable in the Tenth Circuit as the result of *McDaniel v. Navient Solutions LLC (In re McDaniel),* No. 18-1445, 2020 U.S. App. LEXIS 27687 (10th Cir. Aug. 31, 2020). Because of *McDaniel*, the question of whether Navient's loans are non-dischargeable under other provisions of § 523(a)(8) is now relevant, but has only been so since last Monday.

The plaintiff's previous motion to amend simply noted (correctly, we think) that Navient will have the burden of proof on whether its loans are presumptively non-dischargeable pursuant to § 523(a)(8).[2] That, however, appeared to be a poor approach in light of *Lee v. U.S. Bank N.A. (In re Lee),* Nos. 14-11872, 19-5061, 2019 Bankr. LEXIS 3472 (Bankr. D. Kan. Nov. 7, 2019), in

---

1. *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982) (citing 6 Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1471, at 359 (1971).

2. *See Okla. Dep't of Sec.* ex rel. *Faught v. Wilcox,* 691 F.3d 1171, 1174 (10th Cir. 2012) ("The burden is on the creditor to show a debt is nondischargeable under § 523(a).") (*citing Grogan v. Garner,* 498 U.S.279, 283 (1991)).

- 2 -

which Judge Nugent required a more specific allegation indicating that the loans are not non-dischargeable under § 523(a)(8)(B), despite the ultimate burden of proof being on the creditor. The plaintiff has therefore filed the Amended Motion to Amend to allege specifically at least one reason why most of the loans held by Navient have been discharged.

The requirements for non-dischargeability under § 523(a)(8)(B) are myriad, and the definitions have been appropriately described as "byzantine."[3] However, in order to be non-dischargeable as a "qualified education loan," a loan must be indebtedness "incurred by the taxpayer *solely* to pay qualified higher education expenses . . . ." (emphasis added). I.R.C. § 221(d)(1). "Qualified higher education expenses" are "the cost of attendance" as defined by the 1997 version of 20 U.S.C § 1087*ll*, which includes "tuition and fees" and allowances for books and supplies and for room and board. All of these amounts, however, are "as determined by the institution."[4]

As alleged in the proposed Second Amended Complaint, only two of the loans held by Navient were part of the plaintiff's cost of attendance, and the other loans were not. Loans for other than the cost of attendance are not non-dischargeable under § 523(a)(8)(B), and the plaintiff's contention is that five of the loans held by Navient have thus been discharged.

---

3. *Wiley v. Wells Fargo Bank, N.A. (In re Wiley),* 579 B.R. 1, 10 (Bankr. D. Me. 2017) ("At this juncture, the Court will not belabor each element of a 'qualified education loan' and the byzantine definitions embedded therein.").

4. *See* 20 U.S.C. § 1087*ll*(1) - (3) (1997).

- 3 -

Under Fed. R. Civ. P 15, the party opposing an amendment has the burden to show that the amendment will be unfairly prejudicial.[5] There is no undue prejudice to Navient. Assuming that the plaintiff's analysis is correct, Navient's loans have already been discharged. The prejudice of being unable to enforce a discharged loan cannot be said to be "undue."

Although the deadline for amendment in the scheduling order has passed, that should not be fatal to the amendment. A change in the law should be held to be sufficient good cause under Fed. R. Civ. P. 15(b)(4) to permit an amendment after the time set in a scheduling order.[6] Whether the loans are dischargeable under § 523(a)(8)(B) would not be relevant if the loans were non-dischargeable by virtue of § 523(a)(8)(A)(ii). However, as the result of *McDaniel*, the question of dischargeability under (a)(8)(B) should be resolved.

The plaintiff's motion to amend should be granted.

Respectfully submitted,

/s/ Martin J. Peck
Martin J. Peck, #16273
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 236
Wellington, KS 67152
(620) 326-5997
peck@martinjpeck.com

---

5. *See Acker v. Burlington Northern & Santa Fe Ry. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003) ("The party opposing the amendment has the burden of showing prejudice."); *Openwater Safety IV, LLC v. Great Lakes Ins.,* 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020) ("The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice.").

6. *See Pumpco, Inc., v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001).

## Certificate of Service

I hereby certify that the foregoing was served as shown on the Notice of Electronic Filing generated by the Clerk's office, at the filing of this document.

/s/ Martin J. Peck
Martin J. Peck
