Martin J. Peck, #16273
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 236, Wellington, KS 67152
(620) 326-5997, Fax (620) 326-6887
peck@martinjpeck.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF KANSAS
### Sitting at Wichita

| | |
|---|---|
| In re **Rodger D. Love, Jr.**<br>*Debtor* | Case No. 13-41680<br>Chapter 13 |
| **Rodger D. Love, Jr.,**<br>*Plaintiff*<br>v.<br>**United States Dept. Of Education,**<br>**Navient Solutions, Inc.,**<br>*Defendants* | Adv. No. 20-7004 |

### Second Amended Complaint

For his Second Amended Complaint, the plaintiff states as follows:

1.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. 1334(b) and 28 U.S.C. 157(b} and 1332. This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a Debt.

2.      This Adversary Proceeding is brought pursuant to 11 U.S.C. 523(a)(8), 15 U.S.C. 105 and Federal Rules of Bankruptcy Procedure 7001(9).

3.      This Court has venue pursuant to 11 U.S.C. 1409(a)

### Parties

4.      Plaintiff, Rodger D. Love, Jr., is a resident of Shawnee County, Kansas.

*Love v. Department of Education,* adv. case number 20-7004
SECOND AMENDED COMPLAINT

5.	Defendant, Dept. of Education ("DOE") is registered to do business in the State of Kansas and can be served by summons to: Education Dept., Office of General Counsel, 400 Maryland Ave, SW Room 6E353, Washington, D.C, 202022110, and by serving same upon the U.S. Attorney for Kansas at 444 SE Quincy, Ste 290, Topeka, Kansas 66683.

6.	Defendant, Navient Soultions, Inc. ("Navient"), is registered to do business in the state of Kansas and may be served by process by serving summons to its resident agent, the Corporation Service Company, 2900 SW Wanamaker Dr., Suite 204, Topeka, Kansas 66614.

7.	Plaintiff has a current balance that is over $96,500.00.

8.	The outstanding interest on the loan(s) with the Dept. of Education is over $31,000.00.

9.	The standard repayment plan, if used, would require Plaintiff to pay approximately $740.81 per month.

10.	If Plaintiff were to enroll in, and use the repayment plan referred to as REPAVE, Plaintiff would be required to pay on the loan for approximately 20 years or until he is 67 years old or older before it was completed.

11.	If Plaintiff were to enroll in, and use to Income Based Repayment Plan (IBR) Plaintiff would be approximately 72 years of age before it was completed.

12.	Plaintiff has sought, and received consolidation of his federal student loans.

- 2 -

13.     Plaintiff has sought, and received a forbearance on his federal student loans.

14.     Plaintiff applied for an IBR prior to the filing of his Chapter 13.

15.     Plaintiff applied for, and was approved for a IBR after his Chapter 13 was discharged.

16.     Under the IBR that Plaintiff is currently enrolled in the monthly payment is approximately $238.28 per month, and can change depending on Plaintiff's income.

17.     As of January 4, 2020, the interest was accruing on the principal at a daily rate of approximately $10.96 daily under the Income Based Repayment Plan (IBR) Plaintiff is currently enrolled in.

18.     Under the IBR Plaintiff is enrolled in the minimum monthly payment would not cover the daily interest that accrues daily.

19.     Under the IBR Plaintiff is enrolled in the balance will increase, and Plaintiff can owe considerably more after completion of the repayment plan.

20.     When Federal Student Loan debt is forgiven it can create a taxable income.

21.     The Income Based Repayment Plan (IBR), and REPAVE have a high default rate by those who enter the repayment plans.

22.     Those who have no degree have a higher default rate than those with a degree when repaying federal student loans.

23.     Less than 50 people have successfully completed an IBR or REPAVE when using only those repayment plans.

- 3 -

## Navient Private Student Loans

24.     Prior to Plaintiff filing for a Chapter 13 bankruptcy he had additional loans owned by Navient.

25.     Plaintiff satisfied Tuition Answer Loan #7 prior to filing bankruptcy.

26.     Plaintiff satisfied Tuition Answer Loan #15 prior to filing bankruptcy.

27.     Plaintiff satisfied Tuition Answer Loan #18 prior to filing bankruptcy.

28.     Prior to filing for bankruptcy Plaintiff satisfied three separate loans with Navient.

29.     Plaintiff has paid Navient over $13,000.00 towards loans owned by Navient prior to filing bankruptcy, and prior to filing this adversary proceeding.

30.     Plaintiff has a balance of over $32,000.00 on his Chase student loans bought, and/or owned by Navient.

31.     Plaintiff has a balance of over $36,000.00 on his Tuition Answer Loans owned by Navient.

32.     Plaintiff's current balance with Navient is over $72,000.00 including interest.

33.     The interest rate on the Chase, and Tuition Answer Loans are variable interest rates that range from approximately 5% to 12%.

34.     Plaintiff's standard monthly payment plan on the loans owned by Navient is $842.19 per month not counting any late fees that may have occurred.

- 4 -

35.     Navient does not offer an Income Based Repayment plan on the Chase or Tuition Answer Loan.

35.1.    Navient is the holder of seven loans incurred by the plaintiff:

35.1.1. Loan number 0638, which was originally disbursed directly to the plaintiff on January 4, 2008 in the amount of $5,000.00 and which bears interest at 11.32%. As of the date of the filing of this adversary, the balance including principal and interest was $11,117.84.

35.1.2. Loan number 0132, which was originally disbursed directly to the plaintiff on January 14, 2008 in the amount of $9,000.00 and which bears interest at 14.370%. As of the date of the filing of this adversary, the balance including principal and interest was $26,399.25.

35.1.3. Loan number 0140, which was originally disbursed directly to the plaintiff on March 10, 2008 in the amount of $4,000.00 and which bears interest at 14.158%. As of the date of the filing of this adversary, the balance including principal and interest was $11,061.29.

35.1.4. Loan number 6636, which was originally disbursed directly to the plaintiff on June 30, 2008 in the amount of $4,000.00 and which bears interest at 8.37%. As of the date of the filing of this adversary, the balance including principal and interest was $7,720.40.

35.1.5. Loan number 6644, which was originally disbursed directly to the plaintiff on August 4, 2008 in the amount of $3,000.00 and which bears interest at 5.89%. As of the date of the filing of this adversary, the balance including principal and interest was $3,199.66.

35.1.6. Loan number 9600, which was originally disbursed to Washburn University on October 22, 2008 in the amount of $1,906.00 and which bears interest at 6.43%. As of the date of the filing of this adversary, the balance including principal and interest was $3,199.66.

35.1.7. Loan number 6918, which was originally disbursed to Washburn University on December 2, 2008 in the amount of $3,500.00 and which bears interest at 7.47%. As of the date of the filing of this adversary, the balance including principal and interest was $6,351.12.

35.2. The loans held by Navient are summarized as follows:

| Loan # | Filing date amt | Disb. Date | Orig Amt | Rate | Payee |
|---|---|---|---|---|---|
| 0638 | $11,177.84 | 01/04/08 | $5,000.00 | 11.320% | To Borrower |
| 0132 | $26,399.25 | 01/14/08 | $9,000.00 | 14.370% | To Borrower |
| 0140 | $11,061.29 | 03/10/08 | $4,000.00 | 14.158% | To Borrower |
| 6636 | $7,720.40 | 06/30/08 | $4,000.00 | 8.370% | To Borrower |
| 6644 | $4,951.89 | 08/04/08 | $3,000.00 | 5.890% | To Borrower |
| 9600 | $3,199.66 | 10/22/08 | $1,906.00 | 6.430% | To Washburn |
| 9618 | $6,351.12 | 12/02/08 | $3,500.00 | 7.470% | To Washburn |

35.3. None of the loans held by Navient were made, insured, or guaranteed by a governmental unit, and non were made under a program funded whole or in part by a governmental unit or non-profit institution, so none of the loans are non-dischargeable by virtue of 11 U.S.C. § 523(a)(8)(A)(i).

35.4. None of the loans held by Navient were "funds received as an educational benefit, scholarship, or stipend," so none of the loans are non-dischargeable by virtue of 11 U.S.C. § 523(a)(8)(A)(ii).

- 6 -

35.5.   Loan numbers 0638, 0132, 0140, 6636, and 6644 are not non-dischargeable by virtue of 11 U.S.C. § 523(a)(8)(B).

35.5.1. Loan number 9600 and loan number 9618 were disbursed to Washburn University after Washburn certified that the amounts were to pay for the plaintiff's cost of attendance at Washburn.

35.5.2. Loan numbers 0638, 0132, 0140, 6636, and 6644 were not a part of the cost of attendance as determined by Washburn.

35.6.   Because loan numbers 0638, 0132, 0140, 6636, and 6644 are not described by any provision in 11 U.S.C. § 523(a)(8)(A) or (B), they have already been discharged by the discharge entered in the plaintiff's underlying bankruptcy case.

## Undue Hardship

36.     Plaintiff is divorced, and a single father to a 12 year old daughter, and was awarded residential custody of his daughter.

37.     Plaintiff is employed full time, and does not anticipate receiving substantial raises or promotions in the future.

38.     Plaintiff has a medical condition to where he cannot read out of his right eye.

39.     Plaintiff did not graduate high school, and only has a G.E.D. and does not have any degrees.

40.     Plaintiff is 47 years old, and will be 48 in January 2021, has little education, medical conditions, and has no expectation of substantial gains in income based upon his education and qualifications.

- 7 -

41.     Plaintiff has no hope of paying back the loans, and they have created a noose around Plaintiff's neck for the remainder of his economically productive years.

42.     Requiring Plaintiff to repay the loans would impose an undue hardship on Plaintiff and his 12 year old daughter.

43.     Requiring Plaintiff to enroll in a Income Based Repayment Plan (IBR), or REPAYE on his federal student loans would require Plaintiff to pay on his federal student loans up to the age of 72 years of age or longer, the balance will increase, it can create a tax liability, and Plaintiff will be required to use a repayment plan that has a low success rate.

**Wherefore,** the plaintiff respectfully requests that

A.     The Court declare that the loans numbered 0638, 0132, 0140, 6636, and 6644 held by Navient have been discharged because the loans are not loans described in either 11 U.S.C. § 523(a)(8)(A) or (a)(8)(B);

B.     The Court declare that all loans at issue herein not otherwise discharged are discharged as being an undue hardship pursuant to 11 U.S.C. § 523(a)(8); and

C.     The Court grant such other relief to which the plaintiff may be entitled.

- 8 -

Respectfully submitted,


/s/ Martin J. peck
Martin J. Peck, #16273
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 236
Wellington, KS 67152
(620) 326-5997
Fax (620) 326-6887
peck@martinjpeck.com

## Certificate of Service

I hereby certify that the foregoing was served as shown on the Notice of Electronic Filing generated by the Clerk's office, at the filing of this document.

/s/ Martin J. Peck
Martin J. Peck

- 9 -