SO ORDERED.

SIGNED this 29th day of April, 2021.



_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

Designated for online use but not print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **Rodger Dean Love, Jr.,** | Case No. 13-41680 |
| Debtor. | Chapter 13 |
| **Rodger D. Love, Jr.,** | |
| Plaintiff, | |
| v. | Adv. No. 20-07004 |
| **United States Department of Education and Navient Solutions, Inc.,** | |
| Defendants. | |

**Memorandum Opinion and Order on Burden of Proof**

Debtor Rodger Dean Love, Jr. filed this proceeding seeking to discharge education related loans owed to Defendants United States Department of Education and Navient Solutions, Inc. (Navient). As to some of the Navient claims, Debtor argues: (1) they are not student loans within the exception the discharge of § 523(a)(8);[1] and (2), if satisfying the § 523(a)(8) criteria, denial of discharge would be an undue hardship. The parties disagree as to the burden of proof on the first of these issues and seek a pretrial ruling on the issue.[2]

Debtor acknowledges that when a claim is within § 523(A)(8), a debtor seeking to discharge the obligation bears the burden of proof on the exception of undue hardship. However, he contends "it is the creditor that has the burden to demonstrate that subsection 523(a)(8) applies to a loan in the first place."[3] Debtor cites several cases in support. Navient responds, "While Navient acknowledges the authority in support of [Debtor's position], and can satisfy such a burden if required, Navient finds it peculiar and contrary to traditional notions of jurisprudence that a defendant would bear any such

---

[1] 11 U.S.C. § 523(a)(8). References to title 11 in the text shall be to section number only.

[2] Debtor appears by Martin J. Peck. Navient appears by David A. Gellis.

[3] Doc. 80, 1.

burden."[4] The Court finds that Debtor's position is consistent with established authority and Navient's arguments are insufficient to persuade the Court to deviate from that authority.

Debtor's position that Navient has the burden to establish that the challenged loans are within the exception to discharge enumerated in § 523(a)(8) is well supported by case law. A practice guide states, "Burden of proof in dischargeability cases involving student loans is split between parties and once creditor establishes that student loan debt exists and is of the type ordinarily excepted from discharge loan, burden of proof shifts to debtor to show nondischargeability on grounds of 'undue hardship.'"[5] For example, in *Rumer*,[6] Chapter 13 debtors brought an adversary proceeding against various creditors holding education related debt, seeking a determination that some loans were not within § 523(a)(8), or alternatively, that exception from discharge would impose undue hardship. When ruling on the debtors' motion for summary judgment on the contention that the loans did not qualify for protection under § 523(a)(8), the court held that "cases interpreting § 523(a)(8) have held that the initial burden is on the lender to establish the

---

[4] Doc. 81, 1-2.

[5] 3 Bankr. Service L. Ed. § 27:1962 (April 2021) (citing cases in support).

[6] *Rumer v. Amer. Educ. Serv. (In re Rumer)*, 469 B.R. 553 (Bankr. M.D. Pa. 2012).

existence of the debt and to demonstrate that the debt is included in one of the four categories enumerated in § 523(a)(8)."[7] In a different procedural circumstance, the Tenth Circuit Court of Appeals held "'[t]he burden is on the creditor to show a debt is nondischargeable under § 523(a).'"[8]

When responding, Navient first points out some settled principles regarding student loan debt. First, § 523(a)(8) is self executing, This means that, absent an objection by the debtor, the discharge order will not include a student loan debt, without the necessity of the creditor filing an objection to discharge. Second, an objecting debtor bears the burden of proof when invoking undue hardship, the statutory exception to nondischargeability. Navient then argues that placing the burden of proof on a debtor when asserting that education related loans do not come within the § 523(a)(8) criteria is consistent with these two principles and the general proposition that the burden of proof be placed upon a plaintiff.

But Navient provides no persuasive authorities supporting a general rule that plaintiff status is controlling as to the burden of proof. The two cases

---

[7] *Id.* at 561.

[8] *McDaniel v. Navient Sols., LLC (In re McDaniel)*, 973 F.3d 1083, 1092 (10th Cir. 2020) (quoting *Okla. Dep't of Sec. v. Wilcox*, 691 F.3d 1171, 1174 (10th Cir. 2012)).

4

cited by Navient in support of that purported rule, *McCollum*[9] and *Rust*,[10] do not include an examination of principles governing allocation of the burden of proof, do not arise in circumstances similar to this case, and are not a sufficient basis for rejecting the case law relied on by the Debtor. *McCollum* was an action by a Chapter 13 debtor against his former wife, seeking a determination of dischargeability of divorce settlement obligations.[11] The court held that the debtor who was seeking discharge had the burden of poof.[12] In *Rust*, the plaintiff was a guarantor of the debtor's education related loan who paid the obligation and sought to have his resulting reimbursement claim against the debtor excepted from discharge under § 523(a)(8).[13] The court held that the plaintiff creditor was subrogated to the rights of the

---

[9] *McCollum v. McCollum (In re McCollum)*, 415 B.R. 625 (Bankr. M.D. Ga. 2009).

[10] *Brown v. Rust (In re Rust)*, 510 B.R. 562 (Bankr. E.D. Ky. 2014).

[11] *In re McCollum*, 415 B.R. at 630-31.

[12] *Id.* at 631. The court concluded the case was "similar to student loan cases in that Debtor filed the suit to obtain a determination of dischargeability, rather than a determination of nondischargeability," and in the absence of case law provided by the debtor showing the burden of proof should be placed "on the creditor when the creditor is the defendant," the court declined to place the burden of proof on the creditor. *Id.* at 630-31.

[13] *In re Rust*, 510 B.R. at 565.

lender and bore the burden to prove that the debt existed and was of the type excepted from discharge.[14]

Navient cites only one case, *Decena*,[15] adopting its preferred allocation of the burden of proof in litigation similar to this proceeding. In *Decena*, a Chapter 7 debtor brought an adversary proceeding seeking a determination whether education related debt should be discharged. The creditor did not answer, and default was entered. On the creditor's motion to set aside the default the court stated, "It is incumbent upon a debtor to prove either (a) that the education-related debt does not fit within [the parameter of § 523(a)(8)], or (if they cannot prove (a)) (b) that it would be an undue hardship to repay the debt."[16] No rationale was stated for the allocation of the burden of proof and no authority was cited in support; *Decena* is not persuasive.

For the foregoing reasons, the Court finds that Navient has the burden of proof to demonstrate that § 523(a)(8) applies to the loans that Debtor asserts are dischargeable for the reason that they do not fall within the various categories of debts excepted form discharge by § 523(a)(8).

---

[14] *Id.* at 567.

[15] *Decena v. Citizens Bank (In re Decena)*, 549 B.R. 11 (Bankr. E.D.N.Y. 2016) *rev'd in part on other grounds*, 562 B.R. 202 (E.D.N.Y. 2016).

[16] *Id.* at 18.

It is so ordered.

**###**