IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

RODGER DEAN LOVE, JR.,                                    Case No. 13-41680-13

                                    Debtor.
_____

RODGER D. LOVE, JR.,

                                    Plaintiff

v.                                                       Adversary No. 20-07004

UNITED STATES DEPARTMENT OF
EDUCATION

                                    Defendant.

### STIPULATION TO SETTLE AND VOLUNTARILY DISMISS ADVERSARY CLAIMS AGAINST THE UNITED STATES DEPARTMENT OF EDUCATION WITH PREJUDICE

Plaintiff, Rodger Dean Love, Jr., together with the Defendant, the United States Department of Education ("DOE"), (together referred to as "Parties") by and through their counsel, submit this Stipulation to Settle and Voluntarily Dismiss Adversary Claims against the United States Department of Education with Prejudice, subject to the Court's approval.

### PROCEDURAL AND FACTUAL BACKGROUND

1.      On January 28, 2020, Plaintiff filed a complaint for the determination of the dischargeability of student loan debt, pursuant to 11 U.S.C. § 523(a)(8), commencing the subject adversary proceeding, and DOE timely answered.

2.      Pre-petition, on or about July 11, 2011, Plaintiff executed a promissory note ("Note") to obtain a Direct Consolidation Loan from DOE.  In August 2011, DOE disbursed

1

Direct Consolidation Loan proceeds on Plaintiff's behalf in the principal amounts of $25,377.29 and $38,592.40, both at the interest rate of 6.125% annum ("Student Loans").

3. The Note evidences student loans made to Plaintiff or on his behalf under a program funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8). Plaintiff's Student Loans were authorized and made by DOE under the William D. Ford Federal Direct Loan Program pursuant to Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, et seq. (34 C.F.R. § 685).

4. DOE currently holds all right, title and interest in the Note and the Student Loans.

5. Plaintiff is indebted to DOE on the two Direct Consolidation loans in the total principal amount of $65,533.01, plus unpaid interest of $31,031.14, as of May 12, 2021.

6. Plaintiff alleges and DOE denies that repayment of the Student Loans would be an undue hardship to Plaintiff, pursuant to 11 U.S.C. § 523(a)(8).

7. In order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff shall provide partial repayment of the Student Loans and that dismissal of the claims against the United States Department of Education with prejudice is appropriate under the circumstances set forth below.

## STIPULATION

8. Paragraphs one through seven are hereby incorporated into this Stipulation by reference.

9. Plaintiff shall pay DOE, in full settlement and release of all claims associated with this Adversary Proceeding, the total sum of $23,400 ("Settlement Amount"), pursuant to the terms set forth herein.

2

10. Plaintiff shall pay the Settlement Amount by making 120 installment payments of $195.00 per month. Plaintiff's installment payments shall be paid on the twenty-eighth day of each month, unless such day is a weekend or federal holiday, in which case the first business day thereafter.

11. Plaintiff's first installment payment is due on September 28, 2021, and installment payments will continue thereafter on the 28th of every month until Plaintiff has made a total of 120 payments of $195.00.

12. Plaintiff shall make the monthly installment payments pursuant to DOE's online payment system through the servicer of Plaintiff's Student Loans, or, alternatively, payable in good funds to DOE, which payment shall include Plaintiff's account number 97 9068 3010 or social security number, and sent to the following address by U.S. Mail:

Department of Education
FedLoan Servicing
P.O. Box 790234
St. Louis, MO 63179-0234

13. Interest shall not accrue or be charged by DOE with respect to the Settlement Amount.

14. Notwithstanding the forgoing payment terms, Plaintiff may fully or partially prepay the Settlement Amount at any time without penalty.

15. Upon Plaintiff's complete payment of the Settlement Amount, the remaining balance of the Student Loans shall be discharged, pursuant to Plaintiff's Chapter 13 discharge order entered on March 14, 2019, pursuant to 11 U.S.C. § 1328(a).

16. Plaintiff's failure to make an installment payment required by this Stipulation within ten days of the payment due date shall constitute default. If Plaintiff fails to cure the default within 60 days of notice of default, this Stipulation becomes null and void, and DOE may

3

reinstate the full amount of Plaintiff's indebtedness, with interest, at issue in this Adversary Proceeding, which shall be subject to its original terms.

17.     Plaintiff shall be entitled to request deferment or forbearance in accordance with the laws and regulations governing deferment and forbearance in effect at the time of the request. Plaintiff shall additionally be entitled to take advantages of any other generally available moratoriums on student loan payments. Months in which Plaintiff's account is in deferment or forbearance, or a moratorium is in effect do not count toward the 120 monthly payments required by this Stipulation and do not constitute default.  However, any installment payments voluntarily made by Plaintiff during periods of deferment, forbearance, or when a moratorium is in effect, will count toward the 120 monthly payments required by this Stipulation.

18.     Should Plaintiff become eligible for cancellation or forgiveness of his Student Loans through an Act of Congress, Executive Order, or other legal entitlement outside of 11 U.S.C. § 523(a)(8), nothing in this Stipulation precludes Plaintiff from utilizing any such cancellation or forgiveness program.

19.     The terms of this Stipulation shall survive and be effective in any future bankruptcy filing by Plaintiff under any chapter of the United States Bankruptcy Code.

20.     Any and all individual taxation consequences as a result of this Stipulation are the sole and exclusive responsibility of Plaintiff.  DOE does not warrant any representation of any tax consequences of this Stipulation.  Nothing contained herein shall constitute a waiver by Plaintiff of any right to challenge any tax consequences of this Stipulation.

21.     If any one or more terms or provisions of this Stipulation is/are held to be unenforceable by a court of competent jurisdiction, the remaining terms and provisions shall

4

remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

22.     Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all Parties hereto.  Any attempted oral or implied amendment, modification or waiver shall be null and void.

23.     Except as provided in this Stipulation, all other terms of the Note remain in effect and are hereby incorporated by reference.  To the extent that the terms of the Note conflict with the terms of this Stipulation, the terms in this Stipulation control.

24.     This Stipulation contains all of the agreements between the Parties and is intended to be and is the final and sole agreement between the Parties.  The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this written agreement, whether written or oral, are of no further legal or equitable force or effect.  Any subsequent modifications to this agreement must be in writing and must be signed and executed by the Parties.

25.     The Stipulation shall be binding upon any successors of Defendant or assignees of the Student Loan.

26.     Plaintiff agrees to accept the terms set forth in this Stipulation in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of any kind and nature whatsoever, arising from the same subject matter that gave rise to the Adversary Proceeding, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown.

5

27.     This Stipulation may be executed in several counterparts with a separate signature page for each party.  All such counterparts and signature pages, collectively, shall be deemed to be one document

28.     The Parties agree to bear their own attorneys' fees and costs in connection with the Adversary Proceeding.

29.     Plaintiff represents and acknowledges that he has read and fully understands the terms of this Stipulation and that he enters into this Stipulation freely and voluntarily.  Plaintiff further acknowledges that he had sufficient opportunity to consult with an attorney of his choosing regarding the terms and conditions of this Stipulation.

30.     Pursuant to Federal Rule of Civil Procedure 41(a), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7041, the plaintiff's claims against the United States Department of Education  shall be dismissed with prejudice.

Respectfully Submitted,

DUSTON J. SLINKARD
Acting United States Attorney
District of Kansas

s/ Luke P. Sinclair
LUKE P. SINCLAIR, #23709
Assistant United States Attorney
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas  66683-3592
PH: 785-295-2850
FX: 785-295-2853
Email: luke.sinclair@usdoj.gov

s/ Sarah Burch Macke
SARAH BURCH MACKE, #25948
Assistant United States Attorney
1200 Epic Center
301 N. Main
Wichita, Kansas 67202-4812

6

PH: 316-269-6481
FX: 316-269-6484
Email: sarah.macke@usdoj.gov
*Attorneys for DOE*

_____
Rodger D. Love, Jr.
*Plaintiff*

_____/s/ Martin J. Peck_____
Martin J. Peck, #16273
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 236
Wellington, KS 67152
(620) 326-5997
peck@martinjpeck.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2021, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Martin J. Peck, Attorney for Plaintiff.

s/Sarah Burch Macke
SARAH BURCH MACKE
Assistant United States Attorney